IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEFA and DOMINGO GALVAN, Individually and on Behalf of a Class of Persons Similarly Situated, | Case No. 18 C 200 |
| Plaintiffs, | Judge Harry D. Leinenweber |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The Plaintiffs bring this putative class action against Bank of America ("BOA") seeking damages as a result of BOA's alleged violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS § 505/1 *et seq*. They also claim Unjust Enrichment. The gravamen of Plaintiffs' claim is that BOA charged them a "Legal Order Fee" for responding to a garnishment proceeding filed in the Circuit Court of Cook County seeking to garnish Plaintiffs' BOA savings account and that it did not refund the fee after the Circuit Court reversed the garnishment and ordered the fee returned. The Circuit Court reversed the garnishment because the Plaintiffs claimed a so-called "wild card" exemption to the garnishment authorized by Illinois law. 735 ILCS 5/12-1001(b).

BOA has moved to dismiss the Complaint alleging that it, as a national banking institution, has a right to charge such a legal order fee when responding to a garnishment. In support, BOA attached to its Motion the opinion of the Office of the Comptroller of the Currency ("OCC") and its savings account agreement with plaintiffs which authorizes the charging of such a fee. In response, Plaintiffs move to strike these exhibits as documents not referenced in the Complaint and thus outside the four corners of the Complaint, citing *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998). Plaintiffs also contend in their response brief that the garnishment froze their checking account where their Social Security payments were deposited rather than their savings account in violation of Illinois law.

## II.  <u>THE ILLINOIS GARNISHMENT LAW</u>

Under the Illinois garnishment statute, a judgment creditor may bring a garnishment action in state court seeking to recover assets held by some entity that is alleged to be holding assets of the judgment debtor. The judgment creditor initiates the process by filing a summons to a garnishee alleged to be holding assets of the judgment debtor. The summons discloses the name and address of the judgment debtor, the amount of the judgment, and the name of the garnishee. The statute requires that the notice disclose a list of a judgment debtor's rights, including a list of the types of property exempt from garnishment, the procedure for obtaining

- 2 -

an exemption, and the procedures for contesting the validity of the judgment debt. The garnishee then freezes the asset awaiting order of the court. In this case the Plaintiffs, judgment debtors, appeared in court in response to the summons and claimed a wild card exemption. The Circuit Court declared the funds sought by judgment debtor exempt, ordered the freeze lifted, and the fees returned.

### III. <u>DISCUSSION</u>

In their response brief, the Plaintiffs for the first time appear to charge BOA with improperly freezing their BOA checking account, which contained direct deposits of their Social Security payments. However, the court order attached to their Complaint shows that the account sought to be garnished was their savings account and they claimed a wild card exemption, not a Social Security exemption. In any event, the statute does not require the garnishee to decide whether the property is exempt. The wild card exemption is for $4,000.00 of the judgment debtor's assets. A garnishee could not in advance know what assets the judgment debtor wishes to protect until he makes the request. This is one of the reasons the statute provides a hearing for an exemption claim and at which the judgment creditor may object. Until an exemption is allowed by the court, the garnishee must maintain the asset for the benefit of the parties, subject to order of the court. 735 ILCS5/12-707(a).

### A. Plaintiffs' Motion to Strike

The Plaintiffs' contend that the fee agreement is outside the four corners of the Complaint. However, a savings account is obviously a "contract" between an account holder and a bank. The former deposits money with the bank and the bank agrees to pay interest on the deposit. The Complaint alleges the existence of a "savings account" with BOA owned by Plaintiffs that was sought to be garnished and not a checking account. (Paras. 16 and 17). When a complaint references a document that is central to the claim the document is considered part of the pleadings. *Mueller v. Apple Leisure Corporation,* 880 F.3d 890, 895 (7th Cir. 2018). Therefore, the savings account contract, including the list of authorized fees, is part of the Complaint.

The OCC letter is not evidence but is a record memorializing an agency's interpretation of the statute and regulations that it administers and may be considered the same as any source of law. The OCC has determined that national banks are authorized to charge service fees for the garnishment process and a court may consider such a determination. *Monroe Retail Inc. v. RBS Citizens N.A.,* 589 F.3d 274, 283-84 (6th Cir. 2009). This is reasonable. A bank that is subject to a garnishment is obligated to answer the interrogatories served on it correctly, file them with the clerk of court, serve notice on the parties, and follow the orders of the court. If the bank mistakenly fails to freeze the asset, it

could lead to liability to the judgment creditor. A charge of $125.00 is not unreasonable, although whether it is or not does not bear on the issue of alleged violation of the Illinois Consumer Fraud Act. (*See* the next section.) The Plaintiffs' Motion to strike certain documents in BOA's Motion to Dismiss is denied.

### B. Defendant's Motion to Dismiss

A claim of violation of the Consumer Fraud Act (the "Act") may be based on either deceptive conduct or unfair conduct. *Robinson v. Toyota Motor Credit Corp.,* 201 Ill. 2d 403, 417 (2002). The elements of a claim are (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception, and (3) the occurrence of the deception during the course of conduct involving trade or commerce. *Id.* (citation omitted). The Act also includes "unfair" as well as deceptive conduct. To be unfair, factors considered are whether the practice offends public policy, whether it is immoral, unethical, oppressive, or unscrupulous, and whether it causes substantial injury to consumers. *Id.* (citation omitted). Here there is no deceptive conduct. The Plaintiffs agreed to the fees in a clearly disclosed written agreement. The amount of the fees is not unfair because Plaintiffs had a choice—*i.e.,* go with a bank that maintained lower fees—and they do not claim that they had a lack of choice.

Plaintiffs contend that the circuit court ordered BOA to refund the fee charged and it did not do so. Assuming this is true (BOA contends that it has in fact refunded the fee to Plaintiffs but did not do so immediately because of an oversight), it still does not amount to fraud. Assuming BOA is guilty of violating a state court order, the correct procedure would be to request an order of contempt from the Circuit Court. Failure to return a $125.00 fee in violation of a state court order does not constitute fraudulent conduct, nor does it justify a federal lawsuit.

Plaintiffs cannot also maintain a claim for unjust enrichment. Unjust enrichment does not constitute an independent cause of action but is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress or undue influence, or based on a contract implied in law. *Touton v. Continental Casualty Company,* 877 F.3d 725, 741 (7th Cir. 2017). Here there is no fraud, duress, or undue influence and the parties have a contract so there is no basis for a contract implied in law.

## IV.   <u>CONCLUSION</u>

For the reasons stated herein, Plaintiffs' Motion to Strike is denied.  Defendant's Motion to Dismiss is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 12/19/2018